CRAIG B. FRIEDBERG, ESQ.
Nevada Bar No. 004606
4760 South Pecos Road, Suite 103
Las Vegas, Nevada 89121
Phone: (702) 435-7968; Fax: (702) 946-0887

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PAUL W. NORMAN,<br><br>       Plaintiffs,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP, a<br>Foreign Limited Partnership; MICHAEL &<br>ASSOCIATES, PC, a California corporation,<br>DOES I-V inclusive, and ROE Corporations<br>VI-X, inclusive,<br><br>       Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br>[Eight Person Jury Demanded] |

## PRELIMINARY STATEMENT

1.     This is a claim for actual and statutory damages brought by the named plaintiff, PAUL W. NORMAN, against Defendants GC SERVICES LIMITED PARTNERSHIP (hereinafter "GC Services") and MICHAEL & ASSOCIATES, PC (hereinafter "M&A") (collectively referred to as Defendants) of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §1692, *et seq.*, and Nevada Revised Statutes (hereinafter "NRS"), Chapters 598 *et seq.*, and 649 *et seq.*, as amended, and common law torts (hereinafter "State Acts"), all of which prohibit debt collectors from engaging in abusive, deceptive, harassing, unfair, and illegal practices.

2.     Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

3.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

4.      Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

5.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court is invoked under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, and supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367. Venue in this District is proper because Plaintiff resides in Nevada and Defendants collection communications and acts occurred in Nevada and Defendants do or transact business in Nevada.

## PARTIES

7.      Plaintiff Paul W. Norman is a natural person who resides in Clark County, Nevada.

8.      Plaintiff is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C.§ 1692a(3).

9.      Defendant GC Services is a foreign limited partnership the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Houston, Texas, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 9 U.S.C. § 1692a(6).

10.     Defendant M&A is a foreign professional corporation, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Thousand Oaks, California and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). M&A uses an instrumentality of interstate commerce and the mails to conduct its principal business of collecting consumer debts, including Plaintiff's alleged debt.

11.     Plaintiff is unaware of the true names and legal capacities, whether individual, corporate, associate, or otherwise, of the Defendants DOES I-V and ROE Corporations VI-X, sued herein inclusive, and therefore sues Defendants by such fictitious names.

12.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as DOES I-V and ROE Corporations VI-X, are in some way legally responsible and liable for the events referred to herein, and proximately caused the damages alleged herein.

13.     Plaintiffs prays leave to insert said Defendant's true names and legal capacities when ascertained.

14.     At all times material hereto, and in doing the acts and omissions alleged herein, the Defendants and each of them, including DOES I-V and ROE Corporations VI-X, acted individually and/or through their officers, agents, employees, and coconspirators, including the fictitious Defendants named herein, each of whom was acting within the purpose and scope of that agency, employment and conspiracy, and said acts and omissions were known to, and authorized and ratified by, each of the other Defendants.

15.     Plaintiff is informed and believes and thereon alleges that at all times mentioned herein each of the Defendants sued herein was the owner, partner, shareholder, manager, officer, director, agent, servant, and employee of his, her or its co-Defendants and in doing the things hereinafter mentioned was acting in the scope of

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

his, her or its authority as such owner, partner, shareholder, manager, officer, director, agent, servant and employee, and with the permission, consent and/or ratification of his, her or its Defendants; and that each of said fictitiously named defendants, whether an individual, corporation, association or otherwise, is in some way liable or responsible to the Plaintiff on the facts hereinafter alleged, and caused injuries and damages proximately thereby as hereinafter alleged.

16.     All conduct of GC Services and/or M&A and/or Doe and/or Roe Corporation Defendants as alleged herein was on each other's behalf, within the course and scope of agency each for the other; each was alter ego for the other and/or was in a partnership or joint venture with the other, and all conduct of each was within the course and scope of that agency, alter ego, partnership and/or joint venture, and as such, the corporate fiction should be disregarded.

**FACTUAL ALLEGATIONS**

17.     Plaintiff repeats, realleges and incorporates paragraphs 1 through 16, above as if fully set out herein.

18.     Sometime before March 1, 2015, Plaintiff is alleged to have incurred certain financial obligations to American Express Centurian Bank ("American Express").

19.     These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and NRS 649.010.

20.     On or about March 1, 2015, Plaintiff allegedly failed to make payments allegedly owed on the alleged American Express account (hereinafter "alleged past due Amex account"). As it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged past due account.

21.     On or about June 25, 2015, Plaintiff received a call from a male (whom plaintiff is informed and believes is named Chris Bettger), who identified himself as employed by Defendant GC Services. Mr. Bettger told Plaintiff that GC Services was handling the collection for the alleged past due Amex account. To prove the accuracy of

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

this assertion, Mr. Bettger suggested to Plaintiff that he call the American Express customer service number himself.

22.    Plaintiff immediately called American Express customer service and heard a recording saying that GC Services was now handling his American Express account.

23.    On or after June 25, 2015, Plaintiff received the initial collection letter from Defendant GC Services, dated June 25, 2015, attempting to collect the alleged past due Amex account. It is signed by Brynn Kouts, Account Representative." *See* Exhibit 1.

24.    The first sentence of the GC Services June 25 letter notes that Plaintiff's "account with American Express, ... has been referred to us." It then goes on to discuss payment to GC Services of the alleged past due Amex account.

25.    Unknown to Plaintiff at the time, but two days before his contact with GC Services, on June 23, 2015, Defendant M&A filed, on behalf of Amex, a collection action against the Plaintiff in the Eighth Judicial District Court, styled *AMERICAN EXPRESS CENTURIAN BANK, a Utah corporation vs. PAUL W. NORMAN, aka PAUL WILLIAM NORMAN, an individual* (hereinafter "State Court action"). *See* Exhibit 2.

26.    The summons and complaint for the State Court action was served on the Plaintiff on July 7, 2015.

27.    On or about July 9, 2015, M&A mailed a collection letter to Plaintiff, which he received, that starts off: "This office represents American Express with regard to the above-referenced legal matter." Elsewhere in the letter it states: "Our client, American Express" and the signatory on the letter is identified as "Attorney for American Express." *See* Exhibit 3.

28.    Plaintiff  has requested that M&A provide Plaintiff with a copy of the dated assignment of the alleged past due account from Amex to M&A. To date, no such proof, nor anything else that would indicate when M&A was assigned the alleged past due Amex account has been provided.

29.    At the time of the filing of this complaint, the State Court action is ongoing.

*Law Offices of*
CRAIG B. FRIEDBERG, ESQ.
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968  TELECOPIER (702) 946-0887

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

30.     It is possible that one or neither of the Defendants had the legal and/or contractual right to attempt to collect the alleged past due Amex account from Plaintiff. As Plaintiff does not know whether either Defendant actually has been assigned the subject account for collection, he has named both in this action.

31.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered actual damages in hiring an attorney to defend him in the State Court action,[1] and in experiencing anxiety, indignation, irritability, nervousness, fear, worry, loss of happiness, headaches, stress, etc.

**FIRST CLAIM FOR RELIEF**

**Violations of Federal Fair Debt Collection Practices Act**

**(Against Defendants)**

32.     Plaintiff realleges and incorporates paragraphs 1 through 31 above as if fully set out herein.

33.     Defendants, by commencing collection activity, either via written correspondences, telephone communications and/or commencing and maintaining the State Ciurt action without being assigned the alleged past due Amex account for collection purposes, is a violation of the FDCPA, 15 U.S.C. §§ 1692d (any conduct the natural consequence of which is to harass, oppress or abuse any person) § 1692e (any other false, deceptive, or misleading representation or means in connection with debt collection, § 1692e(10) (any false representation or deceptive means to collect a debt), and § 1692f (any unfair or unconscionable means to collect or attempt to collect the alleged debt).

34.     As a result of the above acts and omissions, Plaintiff has suffered  damages including, but not limited to, attorneys fees and costs incurred in defending himself in the State Court action, anxiety, indignation, irritability, nervousness, fear, worry, loss of

[1] *Owens v. Howe*, 365 F. Supp. 2d 942, 948  (N.D.Ind. 2005) (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); *Lowe v. Elite Recovery Solutions, L.P.,* 2008 WL 324777 (E.D.Cal. Feb. 4, 2008).

happiness, headaches, stress, etc., and is entitled to his actual damages, statutory

damages, exemplary damages, fees and costs.

### SECOND CLAIM FOR RELIEF

### Violation of Nevada Deceptive Trade Practices Act and NRS Chapter 649
### (Against all Defendants)

35.     Plaintiff realleges and incorporates paragraphs 1 through 34 above as if

fully set out herein.

36.     Defendants have violated the Nevada Deceptive Trade Practices Act

("NDTPA") by violating provisions of NRS Chapters 598 *et seq*., and 649 *et seq*., by

using any device, subterfuge, pretense or deceptive means or representations to collect

any debt.

37.     NRS 598 (NDTPA) and NRS 649 (collection agency practices), in tandem,

allow a state claim for deceptive trade practices where the collection agency engages in

harassing tactics.  Specifically, NRS 649.370 *Violation of federal Fair Debt Collection*

*Practices Act*, states: "A violation of any provision of the federal Fair Debt Collection

Practices Act, 15 U.S.C. §§ 1682[sic] et seq., or any regulation adopted pursuant thereto,

shall be deemed to be a violation of this chapter."[2]

38.     Defendants acted in bad faith and unfairly with the intent to deprive

---

[2] 1 N.R.S. 41.600 allows for an action by victims of consumer fraud. It states in pertinent part:
   1.   An action may be brought by any person who is a victim of consumer fraud.
   2.   As used in this section, "consumer fraud" means:
                                    * * *
         (d)  A deceptive trade practice as defined in NRS 598.0915 to 598.0925,
         inclusive.
NRS 598.0923(4) defines deceptive trade practices as conducting a business by using "coercion,
duress or intimidation in a transaction;" NRS 598.092(8) defines deceptive trade practices as "knowingly
misrepresent[ing] the legal rights, obligations or remedies of a party to a transaction;" and NRS
598.0915(15) defines deceptive trade practices as "knowingly mak[ing] any other false representation in a
transaction."
   Furthermore, NRS 598.0953 states that the specific deceptive trade practices defined in NRS
598.0915 to 598.0925, inclusive, "are in addition to and do not limit the types of unfair trade practices
actionable at common law or defined as such in other statutes in this state (emphasis added)." NRS §§
649.370 and  649.375 pertains to prohibited acts of collection agencies.
   Thus, a judgment finding Defendant violated any of the provisions of the FDCPA, would also
establish that it engaged in harassing conduct toward Plaintiffs.

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887

1    Plaintiff of his rights or property. Furthermore, Defendants knew of the probable

2    harmful consequences of their wrongful acts and engaged in a willful and deliberate

3    failure to act to avoid those consequences.

4        39.    As a result of the above acts and omissions, Plaintiff has suffered  damages

5    including, but not limited to, attorneys fees and costs incurred in defending himself in

6    the State Court action, anxiety, indignation, irritability, nervousness, fear, worry, loss of

7    happiness, headaches, stress, etc., and is entitled to his actual damages, exemplary

8    damages, fees and costs.

9                            **DEMAND FOR JURY TRIAL**

10       40.    Please take notice that Plaintiff demands trial by jury in this action.

         WHEREFORE, Plaintiff respectfully prays that judgment be entered against

11   Defendants for the following:

12       A.    Actual damages;

13       B.    Statutory damages;

14       C.    Exemplary damages;

15       D.    Costs and reasonable attorney fees for all services performed by counsel in

16   connection with the prosecution of this claim; and

17       E.    For such other and further relief as may be just and proper.

18   DATED this 22nd day of June 2016.

19   Respectfully submitted by:

20   */s/ Craig  Friedberg*

21   CRAIG B. FRIEDBERG, ESQ.

22   *Attorney for Plaintiff*

*Law Offices of*
**CRAIG B. FRIEDBERG, ESQ.**
4760 SOUTH PECOS ROAD, SUITE 103
LAS VEGAS, NEVADA 89121
(702) 435-7968   TELECOPIER (702) 946-0887